

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1630-07

**JEREMY WAYNE BALDWIN, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## HARRIS COUNTY

**KEASLER, J., filed a concurring opinion in which HERVEY, J., joined.**

### CONCURRING OPINION

I join the Court's opinion but write separately to respond to Judge Cochran's concurring opinion. I cannot endorse Judge Cochran's determination that this was an invalid arrest, as opposed to an unlawful detention. She contends that Baldwin was arrested once Deputy Smith placed Baldwin in handcuffs. Placing an individual in handcuffs, as Judge Cochran acknowledges, however, does not necessarily mean that the individual is under arrest. If we were required to decide whether there was a detention or arrest, I would hold

that Baldwin was illegally detained because Deputy Smith lacked the requisite reasonable suspicion under the particular facts of this case. Baldwin, in my view, was detained within the meaning of the Fourth Amendment when Deputy Smith handcuffed him.[1] At that point, Deputy Smith, given the totality of the circumstances, lacked reasonable suspicion to detain Baldwin in any manner, with or without handcuffs. Therefore, I believe that Judge Cochran is sorely mistaken when she characterizes this as an arrest. By needlessly leaping from detention to arrest without justification, Judge Cochran unnecessarily muddles Fourth Amendment seizure law.

DATE DELIVERED: March 11, 2009
PUBLISH

---

[1] *But see Muehler v. Mena*, 544 U.S. 93, 99 (2005) ("The imposition of correctly applied handcuffs to Mena, who was already being lawfully detained during a search of the house, was undoubtedly a separate intrusion in addition to the detention in the converted garage.").